IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JAMIE L. BROWN,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

CIVIL ACTION FILE

NO. 3:18-cv-127-TCB

**O R D E R**

This matter comes before the Court on Defendant Ford Motor Company's motion [4] to dismiss Plaintiff Jamie L. Brown's complaint for lack of personal jurisdiction.

**I.   Background**

This action stems from October 2017 injuries Brown allegedly sustained in Georgia due to defects in her 2013 Ford Edge automobile. Brown contends that the vehicle was defectively designed such that it

either appeared to be in park when it was not or failed to remain in park.

Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan. The primary design and development decisions about the car were made in Michigan. The car was manufactured or assembled in Ontario, Canada, and Ford then sold it to an independently owned Ford dealership in New York. The dealership sold the car to a New York resident, who later sold it to another individual in Tennessee. The Tennessee owner, in turn, sold it to Brown in 2016.

**II. Discussion**

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). This standard is satisfied "if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). A party presents enough evidence to withstand a motion for directed verdict by putting forth

2

"substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . . ." *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995). In making this determination, the Court must construe the allegations in the complaint as true to the extent they are not controverted by Ford's affidavits, and the facts must be viewed in the light most favorable to Brown. *See Morris*, 843 F.2d at 492.

The analysis of personal jurisdiction involves a two-step process: (1) whether Georgia's long-arm statute authorizes the exercise of personal jurisdiction over the defendant, and (2) whether the exercise of personal jurisdiction is consistent "with the Due Process requirements of the federal Constitution." *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368, 1378 (N.D. Ga. 2003). In determining whether the exercise of personal jurisdiction over a defendant is consistent with due process, the fundamental inquiry is whether the defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Ford argues that exercising personal jurisdiction over it would violate due process. Because the Court agrees, it need not address Georgia's long-arm statute.

Initially, the Court notes that minimum contacts for the purposes of exercising personal jurisdiction over a nonresident Defendant may be satisfied if the Court has either general or specific jurisdiction. *See Rowe v. Gary, Williams, Parteni, Watson & Gary, P.L.L.C.*, 723 F. App'x 871, 874 (11th Cir. 2018).

To establish general jurisdiction, a corporate defendant's contacts must be "so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). This is satisfied only if (1) the corporation is incorporated in the forum state; (2) the corporation maintains its principal place of business in the forum state; or (3) there is an exceptional circumstance that would allow a court to determine that the corporation is virtually at home in

the forum state. *Id.* at 1558–59. Normal in-state business does not suffice to convey general jurisdiction. *Id.*; *see also Erwin v. Ford Motor Co.*, No. 8:16-cv-1322-T-24 AEP, 2016 WL 7655398, at *9 (M.D. Fla. Aug. 31, 2016) (holding that Ford was not subject to general jurisdiction in Florida despite multiple business contacts and legal contacts with the state).

As noted, Ford is incorporated in Delaware and its headquarters are in Michigan. Brown makes no argument that any exceptional circumstances are present here to subject Ford to general jurisdiction, and the Court is aware of none. Therefore, the Court concludes it does not have general jurisdiction over Ford.

The question therefore becomes whether the Court has specific jurisdiction over Ford.

> In specific jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

5

*Rowe*, 723 F. App'x at 875 (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

Brown's problem here is with the first prong: she has provided no proof that her claims arise out of or relate to Ford's contact with Georgia. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017). Ford's "continuous activity of some sorts within [Georgia] is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id.* at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)).

Here, as noted, the vehicle was designed and developed in Michigan. It was manufactured in Canada and sold to a New York dealership. The dealership sold it to a New York resident, who sold it to a Tennessee owner, who then sold it to Brown. Brown's injuries did not result from Ford's contacts in Georgia. Therefore, Ford is not subject to specific jurisdiction in Georgia. *See, e.g., Pitts v. Ford Motor Co.*, 127 F. Supp. 3d 676, 686 (S.D. Miss. 2015).

Although the parties do not discuss the possibility of transfer, 28 U.S.C. § 1631 arguably has relevance here. When a district court determines "that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631.

While it is undisputed that § 1631 applies to permit transfer when there is a lack of subject-matter jurisdiction, courts are split as to whether § 1631 applies to permit transfer to cure a lack of personal jurisdiction. It is unclear in this circuit whether § 1631 would be applied to authorize the transfer to another court when personal, as opposed to subject-matter, jurisdiction is lacking.

In *Bond v. Ivy Tech State College*, 167 F. App'x 103, 106–07 (11th Cir. 2006) (affirming dismissal for lack of personal jurisdiction and upholding district court's finding that the interest of justice did not require transfer under § 1631, without reaching the question of whether § 1631 authorizes transfer where personal jurisdiction is lacking).

Here, however, even if transfer is permitted, the Court concludes that it is not within the interest of justice to do so. Specifically, the parties have not mentioned transfer, there has been no argument that transfer would prevent an issue regarding the statute of limitations,[1] and Brown has given no indication of the appropriate forum in which she would prefer to proceed. Therefore, the Court declines to transfer this action.

### III. Conclusion

For the foregoing reasons, Ford's motion [4] to dismiss is granted. The Clerk is directed to close this case.

IT IS SO ORDERED this 9th day of November, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[1] Brown filed her complaint in Carroll County Superior Court on September 24, 2018, and the action was removed to this Court on October 24.